### WAVELENGTH FILM COMPANY, Plaintiff,

v.

### COLUMBIA PICTURES INDUSTRIES, INC., Columbia-Delphi Productions II, Industrial Light & Magic, Plitt Theatres, Inc., Spectradyne, Inc., and Holiday Inns, Inc., Defendants.

No. 85 C 5106.

United States District Court, N.D. Illinois, E.D.

March 24, 1986.

William A. Streff, Jr., Andrew C. Holcomb, Kirkland & Ellis, Chicago, Ill., for plaintiff.

Robert W. Bergstrom, Ronald W. Teeple, John L. Leonard, Bergstrom, Davis & Teeple, Chicago, Ill., for defendants.

### MEMORANDUM ORDER

BUA, District Judge.

Before this Court is defendants' motion for summary judgment. Jurisdiction is based on 28 U.S.C. § 1338(a). For the reasons stated herein, this Court grants defendants' motion for summary judgment in defendants' favor.

### DISCUSSION

Plaintiff Wavelength Film Company's cause of action arises out of an alleged copyright infringement. An action for copyright infringement requires the plaintiff to prove the following four elements: (1) ownership of the copyright in the complaining work; (2) originality of the work; (3) copying of the work by the defendant; and (4) a substantial degree of similarity between defendant's and plaintiff's work. *Selle v. Gibb*, 741 F.2d 896, 900 (7th Cir. 1984).

The issue before this Court is whether the motion pictures produced by plaintiff, "Wavelength," and by defendants, "Starman," are sufficiently similar to raise a

genuine issue of copyright infringement. This Court believes that no genuine issue of copyright infringement exists. This Court holds no reasonable jury could find the two motion pictures to be substantially similar.

It is well accepted that the purpose of summary judgment is to prevent an unnecessary trial where, on the basis of the pleadings and supporting documents, there remains no material issue of fact to be tried. *Kirk v. Home Indemnity Co.*, 431 F.2d 554, 559 (7th Cir.1970). Summary judgment is appropriate only if it appears that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir.1976); Fed.R.Civ.P. 56(c). The burden is upon the moving party to show that there is no issue of material fact in dispute. All doubts as to the existence of an issue of material fact must be resolved against the moving party.

The issue of whether two motion pictures are substantially similar in a copyright action normally presents a factual issue that cannot be resolved by summary judgment. *Zambito v. Paramount Pictures Corp.*, 613 F.Supp. 1107, 1110 (E.D.N.Y.1985). However, summary judgment is appropriate when a court concludes either that any similarity between the works concerns only noncopyrightable elements or that no reasonable jury could find the works substantially similar. *Id.; Warner Brothers, Inc. v. American Broadcasting Companies, Inc.*, 720 F.2d 231, 240 (2d Cir.1983).

The test for substantial similarity is "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Smith v. Weinstein*, 578 F.Supp. 1297, 1302 (S.D.N.Y.1984). Before assessing whether a properly instructed jury would find two motion pictures substantially similar, this Court must review a few basic principles delineating the scope of copyright protection.

The courts have long agreed that a copyright protects only an author's original expression of an idea. The idea itself remains unprotected. *Id.* at 1301. In addition, a copyright affords no protection to so-called "scenes a faire." Scenes a faire consist of characters, settings, or events which necessarily follow from a certain theme or plot situation. *Reyher v. Children's Television Workshop*, 533 F.2d 87, 91 (2d Cir.1976).

Plaintiff contends a genuine issue of copyright infringement exists. Plaintiff presents 33 actionable similarities in the characters, setting, and action employed in expressing each film's theme. Defendants argue that any alleged similarities existing between the two works are either noncopyrightable "scenes a faire" or insufficiently similar to raise an issue of substantial similarity.

This Court need not discuss every alleged similarity in the two works. *Walker v. Time Life Films, Inc.*, 615 F.Supp. 430 (E.D.N.Y.1985). A brief discussion of the salient portions of plaintiff's argument is illustrative and sufficient to demonstrate the lack of similarity.

First, the alien characters in both motion pictures are portrayed differently. The age of the aliens differ in both films. In "Starman," the alien is a man approximately 35 years old. In contrast, the aliens in "Wavelength" are portrayed by children approximately nine years old. The number of aliens also differs in both films. The "Starman" alien is the only alien on earth, whereas the "Wavelength" aliens are three in number. The mode of alien communication differs in both films. The "Starman" alien speaks through his mouth like an ordinary man and can speak in 52 languages. However, the "Wavelength" aliens never speak; they communicate solely through mental telepathy. A review of plaintiff's claim of character infringement reveals that no jury could reasonably find the alien characters substantially similar.

Second, the aliens' relationship with the lead protagonists in each film is dissimilar. The "Starman" alien and the earth protagonist develop a mature love relationship. The "Starman" producer expresses an inti-

mate, caring, and sexual relationship between the two characters. In sharp contrast, the "Wavelength" producer develops a parent-child relationship between the earth protagonists and the aliens. No intimate or sexual relationship exists between the protagonist earth people and the three youthful "Wavelength" aliens. The "Wavelength" earth people merely attempt to protect the aliens from the film's antagonist, the military, as a mother would protect her children.

Third, substantial similarity in the settings of the two works does not exist. Although the action in both films takes place in the United States, this similarity of locale is simply too insignificant to warrant copyright protection. All scenes in "Wavelength" are located in California, with the film ending in California's Mojave Desert. The "Starman" setting comprises half of the United States. The adventure begins in the deep woods of northern Wisconsin. Then, the "Starman" alien travels across the western region of the United States to his destination in Arizona.

Fourth, the aliens' disposition towards earth people differs dramatically in both films. The multiple "Wavelength" aliens murder numerous civilian and military personnel. These aliens "suck the energy and life" out of many earth people. In sharp contrast, the "Starman" alien restores life to a dead animal and to his dead earth lover, the protagonist. At no time does the "Starman" alien murder an earth person.

Finally, plaintiff argues that the spaceship that rescues the aliens from earth in each film is substantially similar. This Court disagrees. The similarities are limited to the spaceships' color and shape. In both films, the spacecraft was an orange spherical object. However, many of the special effects that accompanied each spherical object are different. For example, the "Wavelength" spaceship shot lightning bolts toward earth; whereas, the "Starman" spacecraft emitted a large beam of red light toward earth. The "Starman" spacecraft caused a snowfall effect in the Arizona desert. The "Wavelength" sphere had no such effect. In addition, only the "Starman" spacecraft had a Saturn-like ring of sparkling stars around the circumference of the sphere. Most importantly, the concept of a spherical spacecraft is not new or unique. Spherical objects have been portrayed as alien spaceships frequently in movies and magazine covers.

Upon close inspection, plaintiff's remaining claims of actionable similarity fall within the category of unprotectible "scenes a faire." "Scenes a faire" consist of characters, settings, or events which necessarily follow from a certain theme or plot situation. Plaintiff's theme is one of long standing: an alien trying to return home is pursued by hostile governmental authorities and rescued by friendly humans. The following characteristics are all indispensable elements to the treatment of this science fiction theme: an alien arrives on earth in a spaceship; all humans are afraid of the unknown alien; governmental authorities are trying to capture or destroy the alien; one human becomes friendly with the alien and tries to help it return home safely; and the alien leaves earth on a spaceship immediately before death. These characteristics are indispensable elements to the treatment of this type of science fiction theme and are, as a matter of law, simply too general to be protectible. *See Zambito v. Paramount Pictures Corp.*, 613 F.Supp. 1107, 1112 (E.D.N.Y.1985).

In short, this Court has carefully considered all the plaintiff's claims after reviewing both films. This Court holds that no substantial similarity exists between the alleged infringing work and the copyrightable elements of plaintiff's work. This Court believes that the similarities between the two motion pictures exists only at "a level of abstraction too basic to permit any inference that defendants wrongfully appropriated" any expression of plaintiff's ideas. *Giangrasso v. CBS, Inc.*, 534 F.Supp. 472, 478 (E.D.N.Y.1982).

## CONCLUSION

This Court holds that plaintiff's general theme in "Wavelength" is not copyrighta-

ble. In addition, this Court believes that plaintiff's expression of "Wavelength's" science fiction theme was not appropriated by defendants. This Court finds that no reasonable jury could find the two motion pictures to be substantially similar. Accordingly, defendants' motion for summary judgment is granted in defendants' favor.

IT IS SO ORDERED.